Judge Ewing

delivered the Opinion of the Court.
The only question deemed necessary to be noticed in this case, arises out of the statute of 1831, Session Acts, 118, which gives a lien to mechanics and persons furnishing materials, upon the buildings erected or repaired in the City of Louisville, to secure their bills respectively. And the question is whether the suit in chancery shall be prosecuted within one year after the job of each shall be finished or the materials furnished, or within one year after the whole building shall be completed or repaired.
We are perfectly clear that, each must prosecute his lien within the year after his own job is completed or the materials furnished.
Though the second section of the statute gives “a joint lien to the extent of the labor done and materials furnished by them respectively, this provision was only intended to secure the rights of all the mechanics and material men, who had worked on the house or furnished materials, to the extent of their several claims, and not to restrict them to a joint action to enforce them. It was intended to express the idea only, that each should have a lien, but should have it in conjunction with others who should have a like lien, each in proportion to his claim for labor or materials.
*142 That the first section was not intended to restrict them to a joint action, is obvious from the second clause of the second section, which provides, in express terms, for a joint or several action to enforce the lien.
If they are not restricted to a joint remedy, the limitation cannot be understood as commencing to run only from the time of completing the whole building, unless there is something in the first clause of the second section, prescribing the termination, which restricts it to that time. That clause provides that “any person or persons having, a lien under this act, may enforce the same by filing a bill at any time within one year from the completion of the work or furnishing the materials.” What work? Obviously not the whole building or repairs; if so, a more appropriate language to express that idea, would have been used; but the work which he, as a mechanic had undertaken or performed. If the work to be completed meant the whole work of the building or repairs, then the material man would not stand upon equal ground, in remedy, with the workman, as the limitation, by the unequivocal language of this section, commences running against him from the time of “furnishing the materials,” and not from the completion of the building or repairs. And it is perfectly evident from the whole tenor of the statute, that it was intended that, he should stand on equal ground, and have his claim equally secured by those of the workmen, and subject to the like limitation only, in the enforcement of his lien.
It is, therefore, the opinion of the Court, that the decree of the Chancellor be affirmed, with costs.